IN THE COUNTY CIVIL COURT OF THE
13TH JUDICIAL HILLSBOROUGH COUNTY COURT,
STATE OF FLORIDA

ANTONIO GOULD,

          Plaintiff,

-vs-                                    Case No.
                                        HON.

THE LAW OFFICES OF JOHN C. BONEWICZ,

          Defendant.
_____/

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (0980668)
Attorney for Plaintiff
30700 Telegraph Road, #1580
Bingham Farms MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
brianparker@collectionstopper.com

WWW.COLLECTIONSTOPPER.COM
_____/

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, ANTONIO GOULD (Plaintiff), by and through counsel, brings this action against the above listed Defendant, THE LAW OFFICES OF JOHN C. BONEWICZ, (Defendant) on the grounds and in the amounts set forth herein:

### I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq*, and seeks actual damages, costs and attorneys fees.

Exhibit A

## II. PARTIES

1.

The plaintiff is a natural person and consumer, a resident of Tampa, Hillsborough County, Florida, and a consumer as defined by 15 U.S.C. 1692a(3).

2.

The defendant is a Foreign Profit Corporation with its registered agent located in the State of Illinois and the phone collection actions in this case taking place at Plaintiff's home, office and friends homes in Hillsborough County, Florida.

3.

The defendant is engaged in the collection of debts from consumers using the mail and telephone. The defendants regularly attempt to collect consumer debts alleged to be due another and is debt collector@ as provided in 15 U.S.C. 1692a(6).

## III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. 1692 *et seq.* and The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. The venue is proper in any court of competent jurisdiction under 15 U.S.C. 1692k(d).

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers

against debt collection abuse. 15 U.S.C. 1692.

6.

Under the FDCPA, a consumer is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. 1692a(3).

7.

Under the FDCPA, a debt means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. 1692a(5).

8.

Under the FDCPA, a debt collector is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. 1692e.

10.

A debt collector may not violate the FDCPA, 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys fees as determined by the Court and costs of this action. 15 U.S.C. 1692k.

12.

The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

13.

A Debt Collector means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Florida Statutes, Sections 559.55 (6).

14.

"Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Florida Statutes, Sections 559.55 (2).

15.

"Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Florida Statutes, Sections 559.55 (1).

16.

Prohibited acts by debt collectors or collection agencies under Florida Statutes, Sections 559.72, include:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

(5) By disclosing to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information and

(4) Communicate or threaten to communicate with a debtor's employer prior to obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection.

17.

Under Florida Consumer Collection Practices Act, 559.77 et seq.(1 and 2) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act,

or practice in violation of this act may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In an action brought pursuant to subsection (1 and 2), in determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

## V. FACTUAL ALLEGATIONS

18.

Plaintiff, Plaintiff's friends and Plaintiff's relatives are receiving numerous phone calls from Defendant representatives in regards to the collection of an alleged debt. **Please see attached Exhibit No. 1.**

19.

This alleged debt derives out of a debt allegedly owed to Wells Fargo and Defendant is repeatedly calling and harassing Plaintiff from 800-700-2106.

20.

Defendant is repeatedly calling Plaintiff's relatives about the debt even though Plaintiff has answered Defendant's calls and Defendant is aware of Plaintiff's contact information. **Please see attached Exhibit No. 1.**

21.

Defendant has called Plaintiff's friend John Silver about the debt and even after the Defendant had Plaintiff's contact information. **Please see attached Exhibit No. 2.**

22.

Defendant has called Plaintiff's mother, Lietta Kruger and told her about the debt and

even after Defendant had Plaintiff's contact information. **Please see attached Exhibit No. 3.**

23.

Defendant has also threatened legal actions and garnishments in violation of the FDCPA.

24.

Defendant has also called Plaintiff at work even though Plaintiff has informed Defendant he cannot take calls at work.

25.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks her attorney fees and costs under the FDCPA and FCCPA. **Please see attached Exhibit No. 4.**

26.

Plaintiff seeks judgment against the Defendant in whatever amount less than $15,000 that Plaintiff is entitled to AND the costs and expenses of this action under the FDCPA and FCCPA.

## VI. CAUSES OF ACTION

## CLAIM AGAINST DEFENDANT UNDER THE FDCPA

27.

The defendant has violated the FDCPA, 15 U.S.C. 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff for a debt. **Please see Paragraphs 18 through 26.**

28.

Defendant has violated the FDCPA, 15 U.S.C. 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the

collection of a debt. **Please see Paragraphs 18 through 26.**

29.

Defendant has violated the FDCPA, 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. **Please see Paragraphs 18 through 26.**

30.

Defendant has violated the FDCPA, 15 U.S.C. 1692c(a)(1) by communicating with the consumer at any unusual time or place known or which should be known to be inconvenient to the consumer. **Please see Paragraph 19 and 24.**

31.

Defendant has violated the FDCPA, 15 U.S.C. 1692c(a)(3) by communicating with the consumer at the consumer's place of employment when the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication. **Please see Paragraph 24.**

32.

Defendant has violated the FDCPA, 15 U.S.C. 1692b(3) continuing to contact friends and relatives after knowing the contact information of Plaintiff. **Please see Paragraphs 20 through 22.**

33.

Defendant has violated the FDCPA, 15 U.S.C. 1692b(2) continuing to contact friends and relatives and telling them about Plaintiff's debt. **Please see Paragraphs 20 through 24.**

34.

Defendant has violated the FDCPA, 15 U.S.C. 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken. **Please see Paragraph 23.**

35.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

## CLAIM AGAINST DEFENDANT UNDER THE FCCPA

36.

Defendant has violated 559.72(4) Communicate or threaten to communicate with a debtor's employer prior to obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection. **Please see Paragraphs 20 through 24.**

37.

Defendant has violated 559.72 (7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family. **Please see Paragraphs 20 through 22.**

38.

Defendant has violated 559.72 (5) by disclosing to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information. **Please see Paragraphs 18 through 22.**

39.

Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not

legitimate or assert the existence of some other legal right when such person knows that the right does not exist. **Please see Paragraph 23.**

40.

Upon adverse adjudication, the Defendant shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

41.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks her attorney fees and costs under the FCCPA.

42.

As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 13 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

43.

Plaintiff seeks judgment against the Defendant in whatever amount that Plaintiff is entitled less than $15,000, consequential damages and the costs and expenses of this action.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1. For compensatory damages;
2. For statutory damages under the FDCPA;
3. For $1,000 and actual damages under 559.72;
4. For attorney's fees and costs incurred in this action under the FDCPA and FCCPA;
5. For Damages under the FCCPA, and
6. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 24th day of December, 2010.

Respectfully submitted,

_____
BRIAN P. PARKER (0980668)
Attorney for Plaintiff